Note.—See under (1) 36 Cyc. p. 1002; 6 R. C. L. p. 378; 2 R. C. L. Supp. p. 104; R. C. L. Supp. 409; 6 R. C. L. p. 381; 2 R. C. L. Supp. p. 105; 4 R. C. L. Supp. p. 409; 5 R. C. L. Supp. p. 340; 6 R. C. L. p. 388; 2 R. C. L. Supp. p. 107; 4 R. C. L. Supp. 410.

---

### BOARD OF COM'RS v. COCKRELL.

No. 16813—Opinion Filed March 9, 1926.

Rehearing Denied April 27, 1926.

(Syllabus.)

#### Appeal and Error—Moot Questions—Review.

Where an appeal is taken by a board of county commissioners from a judgment of the district court awarding a writ of mandamus, directing said board to approve the appointment of a deputy by the sheriff, and the term of office of two members of the board has expired, and the new board approves said appointment upon a new submission of the same, the old board has no further interest, and the question is moot.

Appeal from District Court, Delaware County; O. H. Searcy, Assigned Judge.

Mandamus by B. F. Cockrell against the Board of Commissioners of Delaware County. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

W. F. Hampton and A. V. Coppedge, for plaintiff in error.

G. W. Goad, for defendant in error.

PER CURIAM. This is a mandamus action brought in the district court of Delaware county by defendant in error, B. F. Cockrell, sheriff of said county, against plaintiffs in error, John H. Gibson, Calvin Duncan, and A. P. Keith, who constitute the board of county commissioners of said county, to compel said board to approve the appointment of G. C. Monroe as field deputy.

Judgment was rendered in favor of defendant in error, and said commissioners directed to approve said appointment, and the commissioners appeal.

The term of office of Commissioners Gibson and Keith expired on the first day of July, 1925, and S. B. Rossell and J. W. Walker were elected in their place and stead. On the first day of February, 1926, defendant in error submitted the appointment of Monroe, as deputy, to the board as now constituted, which was, by it, duly approved. Defendant in error now moves this court to dismiss the appeal on the ground that the questions involved have become moot. The term of office of two members of the old board having expired, they no longer have any interest in the matter, and the new board having approved the appointment, there is nothing to be determined, and the matter involved is moot.

The appeal is dismissed.

Note.—See under (1) 4 C. J. p. 575 § 2383; 2 R. C. L. p. 169; 1 R. C. L. Supp. p. 424; 4 R. C. L. Supp. pp. 87, 88; 5 R. C. L. Supp. p. 77.